# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00035-CR

**Charles Lee, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT NO. 995654, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After a jury found appellant Charles Lee guilty of aggravated robbery, the district court assessed punishment, enhanced by a previous felony conviction, at forty-eight years' imprisonment. *See* Tex. Pen. Code Ann. § 29.03 (West 2003). On appeal, this Court found that the evidence did not support the jury's finding that appellant used or exhibited a deadly weapon, reformed the judgment to reflect a conviction for robbery, and remanded the cause for a new trial as to punishment. *Lee v. State*, 51 S.W.3d 365, 376 (Tex. App.—Austin 2001, no pet.). On remand, a jury assessed punishment, enhanced by a previous felony conviction that had also been proved at the first trial, at fifty years' imprisonment.

Appellant's court-appointed attorney filed a brief concluding that this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no

arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant also filed a pro se brief.

In his pro se brief, appellant challenges the sufficiency of the evidence to sustain his conviction for robbery, urging that testimony by the complaining witness during the punishment retrial demonstrates that her identification of appellant was mistaken. Specifically, she testified that she did not remember telling a police officer certain details that appear in her sworn statement. This testimony does not support appellant's assertion that the complainant was forced to sign a false affidavit or that the State knowingly used perjured testimony. The complainant continued to identify appellant as one of three robbers, and any inconsistencies between her testimony and her written statement were merely impeaching. Moreover, appellant's guilt was not at issue at the punishment retrial. The only issue to be determined by the jury was the appropriate punishment. If appellant believes that there is new evidence that demonstrates his innocence, the appropriate procedural vehicle is a post-conviction habeas corpus application. *See Ex parte Franklin*, 72 S.W.3d 671, 675-76 (Tex. Crim. App. 2002) (discussing actual innocence claims on habeas corpus).

We have reviewed the record, counsel's brief, and the pro se brief. We agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The district court's judgment of conviction following the punishment retrial states that appellant was convicted of aggravated robbery. For the reasons given in our original opinion,

we again modify the judgment to reflect a conviction for the lesser included offense of robbery. As modified, the judgment is affirmed.


_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Modified and, as Modified, Affirmed

Filed:   October 23, 2003

Do Not Publish